IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURL WASHINGTON, # 34193-044, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-614-MJR |
| ) | |
| MR. BAUGH, JAMES CROSS, ) | |
| DOUGLAS KRUSE, LEANN POLLMAN, ) | |
| HAROLD GILLIAN, MRS. LYONS, ) | |
| MRS. ROBINSON, B. TONASELKE, ) | |
| LIEUTENANT SPENCE, ) | |
| and JANE DOE (Female Officer), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for case management. On June 25, 2013, following the Memorandum and Order entered in *Washington v. Hodges, et al.*, Case No. 12-cv-854-JPG-DGW (Doc. 1 in the instant case), this matter was severed from the original case. This severed action includes the claims designated in the above order as Counts 9, 10A, 13A, 13B, and 14A, as summarized below:

> **Count 9:** Against Defendants Baugh, Cross, Kruse, and Pollman for retaliation and deliberate indifference to Plaintiff's medical needs for a replacement eye patch and post-surgical medical appointments;
>
> **Count 10A:** Against Defendants Gillian, Pollman, and Kruse for deliberate indifference to medical needs (failure to provide prescribed pain medication or adequate replacement during January – April 2012);
>
> **Count 13A:** Against Defendants Cross, Lyons and Robinson for the retaliatory transfer of Plaintiff;
>
> **Count 13B:** Against Defendants Pollman, Kruse, and Cross for deliberate indifference to

Plaintiff's serious medical condition (denial of glaucoma medications at the time of his transfer);

**Count 14A:** Against Defendants Tonaselke, Spence, Cross, and a Jane Doe Female Officer, for withholding Plaintiff's property in retaliation for his past grievances.

Because Plaintiff had incurred three "strikes" under 28 U.S.C. § 1915(g), he was ordered to pre-pay the full filing fee of $350.00 if he desired to proceed with this severed action (Doc. 1). Plaintiff's motion for an extension of time to pre-pay the fee was granted (Doc. 6), and he was allowed to make installment payments. As of January 2, 2014, Plaintiff has paid the entire fee in full. Accordingly, service shall be ordered below so that Plaintiff may proceed with his claims.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **BAUGH, CROSS, KRUSE, POLLMAN, GILLIAN, LYONS, ROBINSON, TONASELKE,** and **SPENCE**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **BAUGH, CROSS, KRUSE, POLLMAN, GILLIAN, LYONS, ROBINSON, TONASELKE,** and **SPENCE** with the summons, the USM-285, the complaint (Doc. 2), the Memorandum and Order at Doc. 1, and this Memorandum and Order, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint (Doc. 2), the Memorandum and Order at Doc. 1, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint (Doc. 2), the Memorandum and Order at Doc. 1, and this Memorandum and Order.

Service shall not be ordered on the Unknown (Jane Doe) Defendant until such time as Plaintiff has identified her by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to the United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED: January 23, 2014**

<u>s/ MICHAEL J. REAGAN</u>
United States District Judge
